UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLINE LOONEY, AS PARENT AND GUARDIAN OF INDIA LOONEY AND ASIA LOONEY<br>    *Plaintiffs*, | :    CIVIL ACTION NO.<br>:    3:02CV1199(AVC)<br>: |
| v. | : |
| STATE OF CONNECTICUT, DEPARTMENT OF ENVIRONMENTAL PROTECTION, AND JOHN PANAGIOTIDIS<br>    *Defendants*. | :<br>:<br>:<br>:    JANUARY 27, 2004 |



## LOCAL RULE 56(a)(1) STATEMENT OF FACTS

Pursuant to Rule 56(a) of the Local Rules of Civil Procedure, the Defendant State of Connecticut, Department of Environmental Protection, in the above-captioned matter hereby sets forth the following statement of undisputed material facts:

1. The Connecticut Department of Environmental Protection (hereinafter the "Defendant DEP") is an agency of the State of Connecticut, with its principal place of business at 79 Elm Street, Hartford, Connecticut. (See Exhibit 1, Conn. Gen. Stat. § 22a-2).

2. Sherwood Island is a state park which is owned and operated by the Connecticut Department of Environmental Protection, and located in Westport, Connecticut. (See Exhibit 2, Regulations of Connecticut State Agencies § 23-4-1).

3. On July 13, 2000, approximately 267 campers (including Plaintiffs) and 40 staff members from the YMCA (Ralphola Taylor Community Center) in Bridgeport, Connecticut, went to Sherwood Island State Park on an outing. (See Exhibit 6, Affidavit of David Leff, at ¶ 4; Exhibit 6A, Fact Finding Investigation Report, Sherwood Island Incident, page 1).

4. In the days following July 13, 2000, the Defendant DEP learned through newspaper articles that some campers (including Plaintiffs) and others were making claims that they experienced racism during their outing at Sherwood Island on July 13, 2000. (Exhibit 6A, page 1).

5. Immediately upon learning of the claims of racism, the Defendant Department of Environmental Protection launched an investigation into the allegations (along with the State Department of Administrative Services) and concluded in a written report that the allegations were unfounded. (Exhibit 6A, pages 11 and 12).

6. On or about May 8, 2001, the Plaintiff filed a complaint against the Defendant Department of Environmental Protection with the Connecticut Commission on Human Rights and Opportunities (hereinafter "CHRO") alleging that her children were discriminated against and denied accommodations when they went to Sherwood Island State Park on July 13, 2000. (See Exhibit 4, CHRO Complaint).

7. On June 1, 2001, the CHRO dismissed the Plaintiff's complaint on the ground that she failed to file her claim in accordance with the 180-day statute of limitations, set forth in Conn. Gen. Stat. § 46a-82(e). (See Exhibit 5, CHRO Dismissal Decision).

8. The CHRO decision dated June 1, 2001 dismissing the Plaintiffs' CHRO complaint was sent certified mail, and that decision specifically notified the Plaintiffs of their right to file a request for reconsideration pursuant to Conn. Gen. Stat. § 46a-83(e) and of their right to file an administrative appeal pursuant to Conn. Gen. Stat. § 4-183. (See Exhibit 5, page 2).

9. The records from CHRO indicate that the Plaintiffs did not file a request for reconsideration, nor did they file an administrative appeal in Superior Court, or a direct action in Superior court pursuant to Conn. Gen. Stat. § 46a-99. (Exhibit 3, Affidavit of Donald Newton).

10. The Plaintiffs filed this federal action on July 11, 2002 against the Defendant Department of Environmental Protection alleging violations of all the same state and federal laws which they had cited in their CHRO Complaint, but they did not name any other state agencies, employees, agents, or other State Defendants. (See Plaintiffs' Federal Complaint).

11. The Defendant John Panagiotidis, who operated a private business at Sherwood Island State Park on July 13, 2000, was not an employee or agent of the Defendant Department of Environmental Protection, and he is not represented herein by the Attorney General's Office. (See Exhibit 6, Affidavit of David Leff).

12. Even though the Defendant Department of Environmental Protection had no legal obligation to do so, as a gesture of good will the Defendant Department of Environmental Protection invested $29,500 for an event held on July 18, 2001, at Black Rock State Park in which the Ralphola Taylor Community Center campers, parents and counselors enjoyed a day at the park with Department staff learning about the environment. This event included snacks and

lunch for all participants along with a towel and backpack presented to each camper. (See Exhibit 6, Affidavit of David Leff).

>THE DEFENDANT
>
>STATE OF CONNECTICUT
>DEPARTMENT OF ENVIRONMENTAL
>PROTECTION
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY: _____
>Michael R. Bullers
>Assistant Attorney General
>Juris No. 401977
>55 Elm Street
>P.O. Box 120
>Hartford, CT  06141-0120
>Tel.: (860) 808-5160
>Fax: (860) 808-5384
>E-Mail: Michael.Bullers@po.state.ct.us

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 27th day of January 2004, first class postage prepaid, to the following counsel of record:

Francis D. Burke, Esquire
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, Connecticut  06604

David R. Wallman, Esq.
Wallman & DiRusso, LLC
750 Summer Street
Stamford, CT 06901

Michael R. Bullers
Assistant Attorney General