UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLINE LOONEY, AS PARENT AND GUARDIAN OF INDIA LOONEY AND ASIA LOONEY<br>    *Plaintiffs*, | : CIVIL ACTION NO.<br>: 3:02CV1199 (AVC)<br>: |
| v. | : |
| STATE OF CONNECTICUT, DEPARTMENT OF ENVIRONMENTAL PROTECTION AND JOHN PANAGIOTIDIS<br>    *Defendants*. | :<br>:<br>:<br>: JANUARY 27, 2004 |

**MEMORANDUM IN SUPPORT OF THE DEFENDANT
STATE OF CONNECTICUT DEPARTMENT OF ENVIRONMENTAL
PROTECTION'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

On July 13, 2000, the YMCA of Bridgeport sponsored a trip for approximately 267 children (including Plaintiffs) to Sherwood Island State Park, which is operated by the Defendant State of Connecticut, Department of Environmental Protection.[1] The Plaintiffs in this case allege that certain state employees treated them in a discriminatory manner due to their race and color, but none of them are named as defendants herein (see Plaintiffs' Complaint), either in their official or individual capacities. Service has only been made on the State of Connecticut, and not on any of its employees or agents. The State of Connecticut, Department of Environmental

---

[1] The only other defendant in this case, John Panagiotidis, had a contract with the State to operate a concession stand, but Plaintiffs do not (and cannot) claim that he is a state employee, or agent, or that he has any other connection to the State. Mr. Panagiotidis is not represented by the Attorney General's Office, and he is not involved

Protection is the ONLY named defendant, other than Mr. Panagiotidis (see Plaintiffs' Complaint). The State of Connecticut, Department of Environmental Protection has at all times denied the allegations in this complaint, and several affirmative defenses have been raised in its Answer (see Defendant DEP's Answer).

On May 8, 2001, the Plaintiffs herein (acting through their Attorney, Mr. Burke) filed a complaint (#0120414) with the Connecticut Commission on Human Rights and Opportunities (CHRO) in which they made <u>exactly</u> the same factual and legal claims as those they made in this case. (See Rule 56(a)(1) Statement of Facts (hereinafter "Facts") at ¶ 6). Specifically, they alleged that the State of Connecticut, Department of Environmental Protection violated 42 U.S.C. § 2000a et seq., 42 U.S.C. § 1983, and § 1981, Conn. Gen. Stat. § 46a-58, § 46a-64, § 46a-69, § 46a-71, § 46a-74, and the State and Federal Constitutions. However, since the Plaintiffs failed to file their complaint within 180 days of the alleged incident, CHRO dismissed this complaint pursuant to Conn. Gen. Stat. § 46a-82(e). (Facts at ¶ 7). The Plaintiffs' never filed a request for reconsideration, which they could have done under Conn. Gen. Stat. § 46a-83. (Facts at ¶¶'s 8 and 9). The Plaintiffs never filed an appeal from the CHRO decision in the Connecticut Superior Court which they could have done pursuant to Conn. Gen. Stat. § 46a-94a. (Facts at ¶ 8). Furthermore, the Plaintiffs never filed a direct action against the State of Connecticut in the State Superior Court, which they could have done pursuant to Conn. Gen. Stat. § 46a-99. (Facts ¶ 9). Instead, the Plaintiffs filed this action in federal court on July 11, 2002.

---

in this Motion for Summary Judgment.

2

The Plaintiff's complaint is comprised of eight counts, with counts one and two alleging violations of Title II, 42 U.S.C. § 2000a-6 and § 2000; counts three, four and five alleging violations of Connecticut civil rights statutes (Conn. Gen. Stat. §§ 46a-64, 46a-71 and 46a-74); and counts six, seven and eight alleging state common law torts (negligent infliction of emotional distress, intentional infliction of emotional distress and failure to properly hire, train and supervise employees). The Plaintiff's also claim violations of 42 U.S.C. §§ 1981 and 1983 on the summons of the lawsuit, but have not listed a specific count asserting a violation of these sections in the complaint itself. In an excess of caution, the Defendant will assume that these claims exist and will address them accordingly.

For the reasons that follow, summary judgment should be granted in favor of the Defendant State of Connecticut Department of Environmental Protection pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## **STANDARD OF REVIEW**

A motion for summary judgment is granted when there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American Int'l Group, Inc. v. London American Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Generally speaking, summary judgment is inappropriate where an individual's

3

intent or state of mind is at issue. *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d. Cir. 1984). Nonetheless, "the salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to commercial or other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d. Cir. 1985), *cert. denied*, 474 U.S. 829 (1985).

## ARGUMENT

**I.     The Plaintiffs' Federal Law Claims Pursuant To 42 U.S.C. § 1981, § 1983, And Barred By The Eleventh Amendment.**

It is important to note at the outset that the State of Connecticut Department of Environmental Protection is the ONLY named state defendant. It is well established that, in the absence of consent to be sued in a federal forum or a lawful Congressional abrogation,[2] federal courts are jurisdictionally barred from entertaining suits brought by citizens against a state as a result of the Eleventh Amendment to the United States Constitution. *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057 (1978). This jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State School v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). The United States Supreme Court has broadly interpreted the Amendment as imposing a constitutional limitation on federal court jurisdiction barring suits against a state both by its own citizens and by citizens of other states and foreign countries. *See Hans v. Louisana*, 134 U.S. 1

---

[2] A state may only be subject to suit in federal court in one of two ways: (1) Congress can divest a state of its immunity through a statutory enactment (such as Title VII), or (2) a state may waive its immunity and agree to be sued in federal court. *Close v. N.Y.*, 125 F.3d 31, 39 (2d Cir. 1997). Neither of these two exceptions applies in the present case.

(1980). "The Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Because "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without . . . consent," *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (*quoting Hans*, 134 U.S. at 13), the Eleventh Amendment has been broadly construed to prevent any federal court from exercising jurisdiction over an unconsenting state.

Under the Eleventh Amendment, therefore, the state or a state agency may not be sued in federal court, even when the claim is for prospective injunctive relief. *Pennhurst*, 465 U.S. at 100; *Yoonessi v. State Univ. of New York*, 56 F.3d 10 (2d Cir. 1995); *Smith v. State of Connecticut Department of Correction*, 2003 U.S. Dist. LEXIS 21239; *Reed v. State of Connecticut Department of Transportation*, 2000 U.S. Dist. LEXIS 6271. Based on this rationale, summary judgment on the § 1981 and § 1983 claims should be entered in favor of the Defendant State of Connecticut Department of Environmental Protection.

### II. The Plaintiffs' 42 U.S.C. § 1983 Claim Is Also Barred On The Basis That The Defendant Is Not A Person Under § 1983.

In addition to Eleventh Amendment immunity, the law is clear that a state or a state agency are not subject to suit pursuant to 42 U.S.C. § 1983.[3] In *Will v. Michigan Department of*

---

[3] This section provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of an State . . . subjects, or causes to be subjected any citizen of the United States or other person

*State Police*, 491 U.S. 58, 109 S. Ct 2304 (1989), the United States Supreme Court established that states and state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. A state official in her official capacity, when sued for prospective, injunctive relief, is considered a "person" under 42 U.S.C. § 1983. Nevertheless, the decision in *Will* made it clear that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983, either in federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365, 110 S. Ct. 2430 (1990). Accordingly, because a state agency is not a person under 42 U.S.C. § 1983, summary judgment must enter in favor of the State of Connecticut Department of Environmental Protection on this claim.

### III. The Plaintiffs' Federal Law Claims Pursuant To Title II, 42 U.S.C. 2000a, Must Also Be Dismissed.

The law is clear that the only relief available under Title II is preventive relief in the form of a injunction or restraining order. *U.S. v. Johnson*, 390 U.S. 563 (1968); *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402, 88 S. Ct. 964 (1968); 42 U.S.C. § 2000a-3(a). The Plaintiffs herein have never even requested injunctive relief. They only seek money damages (see Prayer for Relief in Complaint).[4] At this point in time, there would be nothing to enjoin, even if

---

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[4] The title of the first count of the plaintiffs' complaint asserts a violation of § 2000a-6 although the body of the count asserts a violation of § 2000a-5, which only authorizes an action by the Attorney General. The second count vaguely asserts a violation of § 2000. In any event, both counts specifically state that plaintiffs are entitled to damages.

Plaintiffs were allowed to amend their complaint (which the Defendant State of Connecticut would object to at this late date). The Defendant State of Connecticut has never, and is not now, engaged in any discriminatory conduct against the Plaintiffs. In fact, the Plaintiffs have had no contact of any kind with the Defendant Department of Environmental Protection in years. Any belated claims for injunctive relief at this point, even if allowed over objection, would be moot. *See e.g. Thomas v. Orangeburg Theaters, Inc.*, 241 F. Supp. 317, 320 (Dist. S.C. 1965).

Furthermore, 42 U.S.C. § 2000a sets forth procedural requirements which must be met before suit is filed, and Plaintiffs have never even attempted to meet them. For example, subsection 3(c) provides that "no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate state or local authority by registered mail or in person..." The Plaintiffs herein failed to do so. The courts have uniformly dismissed cases for failure to meet this requirement. *Hornick v. Noyes*, 708 F.2d 321 (7th Cir. 1983), *cert. denied.* 465 U.S. 1031 (1984).

Lastly, the law is clear that the McDonnell-Douglas burden shifting analysis (which applies to Title 7) applies to Title II cases. See *Hornick v. Noyes, supra,* at p. 325 n. 8, and *O'Neill v. Gourmet Systems*, 213 F. Supp. 2d 1012, 1022 (W.D. Wisc. 2002). The Plaintiffs herein have failed to allege facts sufficient to establish even a prima facie case under this burden shifting analysis, and the courts have granted motions for summary judgment for this reason alone. *O'Neill,* 213 F. Supp. 2d at 1022.

7

### IV. The Plaintiffs Federal Law Claims Should Also Be Dismissed Because They Have Failed To State A Claim.

The Plaintiffs herein, who are represented by counsel, claim on page one of their complaint (¶ 2) that "Jurisdiction of the Court is based on federal questions of law, including…the Constitution of the United States of America." This is the Plaintiffs' only constitutional claim in its entirety. There is no mention of which Constitutional provision, if any, is alleged to have been violated, or how. Such conclusory allegations are clearly insufficient even under the liberal notice pleading requirements of Rule 8 of the F.R.C.P. The pleader "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. GMAC*, 298 U.S. 178, 189 (1936). This court must protect "defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995). It is respectfully submitted that Plaintiffs' complaint does not meet the minimum standards required by F.R.C.P. 8 with respect to <u>any</u> of the Plaintiffs' federal claims.

It is clear that the Plaintiffs' federal claims (made under 42 U.S.C. § 1981, § 1983, § 2000a, and some unidentified section of the U.S. Constitution) cannot survive summary judgment. Under these circumstances, this court should not retain jurisdiction over any of their state law claims. See 28 U.S.C. § 1367(a) and (c)(3). *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Occhino v. Lannon*, 150 F.R.D. 613, 627 (D. Minn. 1993). However, in the event that this court retains the state law claims, there are additional reasons why they should be dismissed.

8

V.  **The Plaintiffs' State Law Claims Should Be Dismissed Based On State Sovereign Immunity and Eleventh Amendment Immunity.**

It is well established that a state can consent to suit in its <u>own</u> courts <u>without</u> consenting to suit in federal court. *Smith v. Reeves*, 178 U.S. 436, 441-5 (1900). In this case, the Plaintiffs' state law claims fall into two categories, namely, their common law tort claims which include negligent infliction of emotional distress (count six), intentional infliction of emotional distress (count seven) and an unspecified cause of action relating to failure to properly hire, train, or supervise staff (count eight),[5] and their state civil rights claims under Conn. Gen. Stat. § 46a-64 (count three), § 46a-71 (count four), and § 46a-74 (count five). With the exception of the intentional infliction of emotional distress claim, which can never be brought against a state agency based on the doctrine of sovereign immunity, both groups of claims can only be brought in state administrative agencies or in Connecticut Superior Court (provided sovereign immunity has been waived with respect to the common law negligence claims), but never in federal court. Therefore, the Eleventh Amendment also bars all of Plaintiffs' state law claims.

A.  **State Common Law Tort Claims**

It is the settled law of Connecticut that the state is immune from suit unless it consents to be sued. *Lacasse v. Burns*, 214 Conn. 464, 468, 572 A.2d 357 (1990). There are two methods by which a person or entity can sue the State of Connecticut. The first method is a direct cause

---

[5] This count fails to state a common law tort claim because it fails to state a recognized legal theory upon which relief may be granted. The language contained in the count, however, appears to allege negligence by asserting that the Defendants failed to properly hire, train and/or supervise their employees. Therefore, the Defendant State of Connecticut, Department of Environmental Protection, for purposes of this motion, will treat this count as a claim sounding in negligence.

9

of action in the Superior Court expressly provided for by statute.[6] *Mahoney v. Lensink*, 213 Conn.. 548 (1990). The second method is to file a claim with the Claims Commissioner and receive permission to sue the state. *Krozser v. New Haven*, 212 Conn. 415, 421 (1989).

> [T]he General Assembly has established the office of the claims commissioner, granting to the claims commissioner the power to waive the state's sovereign immunity when he "deems it just and equitable" and to authorize suit "on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable."

*Tamm v. Burns*, 222 Conn. 280, 289-90 (1992) (*quoting* Conn. Gen. Stat. §4-160(a)). When sovereign immunity has not been waived either by the Claims Commissioner or expressly by statute, the principle of sovereign immunity acts as a bar to any claim for a monetary award against the state or its officials. *Doe v. Heintz*, 204 Conn. 17, 32 (1987); *see also Krozser*, 212 Conn. at 421.

Because "the state can act only through its officers and agents a suit against a state officer or employee is in effect one against the sovereign state." *White v. Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990) *quoting Horton v. Meskill*, 172 Conn. 615, 623, 376 A.2d 359 (1977). The Claims Commissioner, however, may only hear claims regarding a state employee's actions or omissions based on negligence. An action for wanton, reckless or malicious conduct caused in the discharge of a state employee's duties or within the scope of his employment must be brought against the state employee in his or her personal capacity.[7] Thus, there is no mechanism

---

[6] There is no statutory authority which waives sovereign immunity and permits a direct cause of action in court based on Plaintiffs' common law tort claims.

[7] When the Office of the Claims Commissioner was legislatively created in 1959, the General Assembly also enacted what is now Conn. Gen. Stat. § 4-165, which provides in pertinent part as follows: "No state officer or employee shall be personally liable for damage or injury, not

to waive sovereign immunity against the state which involves allegations of intentional conduct by a state employee.

The Plaintiffs in the present matter could have filed their negligence claims (count six and count seven) against the State of Connecticut with the Connecticut Claims Commissioner pursuant to Conn. Gen. Stat. § 4-147. They never did so. The Claims Commissioner has the authority to grant permission to sue the State pursuant to Conn. Gen. Stat. § 4-160, but only in state superior court under § 4-160(d), and never in federal court. Without permission from the Claims Commissioner, however, state sovereign immunity established in the Connecticut Constitution Article 11, Section 4 bars suits against the State based on negligence.

As far as the intentional infliction of emotional claim (count eight) is concerned, sovereign immunity cannot be waived. The Plaintiffs had the opportunity to sue the individual state employees, whose conduct is being challenged, in their personal capacity, yet failed to do so.

For the foregoing reasons, all of the Plaintiffs' state common law claims are barred by the Eleventh Amendment and state sovereign immunity.

---

wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state . . .". See *Miller v. Egan*, 265 Conn. 301, 318-19 (2003). "State employees do not, however, have statutory immunity for wanton, reckless, or malicious actions, or for actions not performed within the scope of their employment. For those actions, they may be held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee." *Id* at 319.

### B.     State Claims Under Conn. Gen. Stat. §§ 46a-71 and 74

Similarly, the Plaintiffs' state civil rights claims under Conn. Gen. Stat. § 46a-64, § 46a-71, and § 46a-74 are also barred by the Eleventh Amendment. Claims made under § 46a-71 and § 46a-74 can be pursued in a direct cause of action against the State through Conn. Gen. Stat. § 46a-99, although Plaintiffs herein never did so. That statute provides as follows:

> Sec. 46a-99. (Formerly Sec. 4-611). Discriminatory state practice: Cause of action; relief. Any person claiming to be aggrieved by a violation of any provision of sections <u>46a-70 to 46a-78</u>, inclusive, or sections 46a-81h to 46a-81o, inclusive, may petition <u>the Superior Court</u> for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable. (emphasis in bold added).

Here again, however, the Connecticut legislature only authorized suit in the <u>Connecticut Superior Court</u> and not in the federal court. There has never been a waiver of Eleventh Amendment immunity through Conn. Gen. Stat. § 46a-99 or any other Connecticut civil rights statute. It is for this reason that the U.S. District Courts in Connecticut have dismissed such state civil rights claims:

> The state has clearly waived immunity to claims brought under CFEPA as to cases brought in the Connecticut state courts. Conn.Gen.Stat. § 46a-99. However, this court has found that there is nothing in the Connecticut General Statutes that constitutes an express waiver of Eleventh Amendment immunity for CFEPA claims. *Garris*, 2001 WL 359495 at *4; *Walker v. Conn.*, 106 F.Supp.2d 364, 370 (D.Conn.2000). Therefore, the court grants the defendants' motion to dismiss as to the CFEPA claims brought against the Attorney General on the grounds that they are barred by Eleventh Amendment Immunity.

*Lyon v. Jones*, 168 F. Supp.2d, 6 (D. Conn. 2001). Thus, these claims are clearly barred by the Eleventh Amendment.

### C.  State Claims Under Conn. Gen. Stat. § 46a-64

The Plaintiffs' claims under the Connecticut Public Accommodations Act, Conn. Gen. Stat. § 46a-64, must meet the same fate, although for a slightly different reason. Unlike Conn. Gen. Stat. § 46a-99 which encompasses 46a-71, and § 46a-74, there is no direct cause of action in state court against the state (or for that matter against any private party) for an alleged violation of Conn. Gen. Stat. § 46a-64. Instead, the legislature has always required that these claims must be filed with the Connecticut Commission on Human Rights and Opportunities (CHRO) within 180 days of the incident, pursuant to Conn. Gen. Stat. § 46a-82(a) and (e). The Plaintiffs herein (while being represented by counsel) did file such a complaint with CHRO, but not within the required 180 days. (See Facts ¶ 7). In fact, their complaint was filed almost four months after the 180 day deadline, and therefore CHRO dismissed it as untimely. (Facts ¶¶ 6 and 7).

The CHRO decision dismissing the Plaintiffs' CHRO complaint specifically notified them that they had the right to file a request for reconsideration with the CHRO pursuant to Conn. Gen. Stat. § 46a-83(e), and the right to file an administrative appeal with the Connecticut Superior Court pursuant to Conn. Gen. Stat. § 4-183 and § 46a-94a. For example, the Plaintiffs might have argued that the statute of limitations was subject to waiver or equitable estoppel. *See e.g. Williams v. CHRO*, 257 Conn. 258 (2001). However, they did not file an appeal or a

reconsideration request. (Facts ¶ 9). The Plaintiffs consciously decided not to exhaust any of their state court or administrative remedies, and instead they filed this action in federal court.

Under these exact same circumstances, the federal courts in this district have dismissed such claims:

> The CHRO's notice of final agency action specifically directed the complainant to request a reconsideration of the agency's decision or appeal the agency's action to the superior court. Javier failed to request reconsideration of the CHRO's decision and did not appeal the commission's finding of "no reasonable cause" to the superior court after receipt of the notice. Instead, he filed the within action against his former employer and coworkers. "Subject matter jurisdiction does not exist where a plaintiff has not obtained a release from the CHRO and has, therefore, failed to comply with the clear and unambiguous statutory prerequisite embodied in C.G.S.A. § 46a-101.

*Javier v. Beiersdorf, Inc.* Civil No. 3:01CV458(AVC), 2002 U.S. Dist. Lexis 8731 *17 (D. Conn. 4/11/02). In the present case, the fact is that the Plaintiffs did not seek, nor did they obtain, a release to sue pursuant to Conn. Gen. Stat. § 46a-100 or 101. If they had pursued an administrative appeal or a request for reconsideration, they might have obtained a such release. Once again, however, such a release only would have allowed Plaintiffs to file an action in Connecticut Superior Court, and not in federal court:

> Under Connecticut law, Conn. Gen. Stat. § 46a-100, Connecticut waived its immunity for suit in state court for CFEPA claims. But it has not clearly expressed a waiver to suit in federal court. Therefore, the courts of this district have consistently found the CFEPA claims against the state or its agents are barred by the Eleventh Amendment. *See, e.g., Lyon v. Jones*, 168 F. Supp. 2d 1, 6 (D. Conn. 2001).

*Alungbe v. Bd. of Trustees*, 283 F. Supp. 2d 674, 687-88 (D. Conn. 2003). Similarly, in *Page v. CT Dept. of Public Safety*, 185 F. Supp. 2d 149 (D. Conn. 2002), the Court ruled as follows:

> Conn. Gen. Stat. § 46a-100 (1999). Connecticut has waived its immunity, but only with respect to cases brought in the Superior Court. The fact that a state has consented to suit in the courts of its own creation does not mean that it consents to suit in federal court. *Smith v. Reeves*, 178 U.S. 436, 441-45, 20 S. Ct. 919, 44 L.Ed. 1140 (1900). Therefore, the Court grants defendants' motion for summary judgment as to the CFEPA claim brought against the Department of Public Safety on the ground that it is barred by Eleventh Amendment immunity. *Walker v. Connecticut*, 106 F.Supp.2d 364, 370 (D.Conn.2000).

*Id.* at 159. Thus, even if the Plaintiffs had obtained a release to sue pursuant to Conn. Gen. Stat. § 46a-100 and 101, which they did not, they still could not pursue their claims under section 46a-64 in federal court.

No plaintiff has ever been able to successfully pursue a claimed violation of Conn. Gen. Stat. § 46a-64 in federal court:

> To paraphrase the Supreme Court's holding in *Novotny*, if claims under the Connecticut Act were actionable under § 1985(3), the complainant could completely bypass the administrative process, which plays such a crucial role in the scheme established by the Connecticut legislature. We therefore hold that § 1985(3) does not apply to private conspiracies to violate the Connecticut Human Rights and Opportunities Act.
>
> To summarize, we hold that 42 U.S.C. § 1985(3) does not provide a remedy for injuries resulting from a private conspiracy to deprive a person or persons of the equal protection of, or equal privileges and immunities under, the public accommodations provision of the Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. § 46a-64, because, like Title VII, the Connecticut Act

> establishes "a detailed administrative and judicial process designed to provide an opportunity for nonjudicial and nonadversary resolution of claims." *Novotny*, 442 U.S. at 372-73, 99 S.Ct. at 2349.

*Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 591 (2d Cir. 1988). None of the recent statutory changes to Connecticut's state civil rights statutes, which are enforced by the CHRO, have changed this. Thus, the Plaintiffs' state law claims under Conn. Gen. Stat. § 46a-64 must also be dismissed:

> It is difficult to think of a greater intrusion on state sovereignty then when a federal court instructs state officials on how to conform their conduct to state law.

*Cates v. State of CT, Dept. of Corrections*, No. 3:98CV2232, 2000 WL 502622 at p. 12 (D. Conn. March 13, 2000).

## CONCLUSION

For all of the foregoing reasons, the Defendant respectfully requests that its Motion for Summary Judgment be granted.

>THE DEFENDANT
>STATE OF CONNECTICUT
>DEPARTMENT OF ENVIRONMENTAL
>PROTECTION
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL

BY: _/s/_____
Michael R. Bullers
Assistant Attorney General
Federal Bar No. ct 04615
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5160
Fax: (860) 808-5384
E-Mail: Michael.Bullers@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 27th day of January 2004, first class postage prepaid, to the following counsel of record:

Francis D. Burke, Esquire
Mangines & Burke, LLC
1115 Main Street, Suite 708
Bridgeport, Connecticut  06604

David R. Wallman, Esq.
Wallman & DiRusso, LLC
750 Summer Street
Stamford, CT 06901

Michael R. Bullers
Assistant Attorney General